## W. D. WEBB, *Adm'r*, &c., v. J. D. STILLMAN.

PROBATE COURT, *Order of, When not Appealable.* On October 29, 1877, the probate court of Doniphan county duly allowed a claim of a creditor against the estate of a decedent for $600, and assigned it to the second class of claims, and another claim of $1,400, which was assigned to the fifth class. After $150 had been paid on the claim assigned to the second class, although the administrator had paid $6,000 on certain other claims of the fifth class, the administrator refused to make further payments on either of these two claims. On January 11, 1881, the creditor filed in the probate court a motion to require the administrator to pay the amount due upon the claims, and on March 2, 1881, the court ordered the administrator to pay to the creditor the balance due upon the claim assigned to the second class, with interest, within thirty days thereafter. The administrator appealed from this order, and on motion in the district court the appeal was dismissed. *Held,* The order is not an appealable one, and therefore the appeal of the administrator was properly dismissed at his cost.

*Error from Doniphan District Court.*

On October 29, 1877, the probate court of Doniphan county allowed a claim in favor of *J. D. Stillman* against the estate of Archibald Webb, deceased, for $600, and assigned it to the second class of claims, and another claim of his of $1,400, which was assigned to the fifth class. About $150 was paid on the claim of the second class, although the administrator had paid $6,000 on certain other claims of the fifth class. On January 11, 1881, *Stillman* filed in the probate court, a motion to require the administrator to pay him the balance due on his claims, and on March 2, 1881, the probate court ordered the administrator to pay to him the sum of $450 with interest thereon at seven per cent. from October 29, 1877, within thirty days from March 2, 1881. *W. D. Webb*, administrator of the estate of Archibald Webb, deceased, appealed from the order directing this payment. The alleged grounds of his appeal are, that after the claim was allowed in October, 1877, and about April, 1880, a mortgage was discovered of record in St. Louis, Missouri, from *Stillman*, to Archibald Webb, for the sum of $1,000 and interest at ten per cent., due June 5th, 1881. The mortgage was of date of June 5th, 1876, but not due when the allowance was made in the probate court. The mortgage, however, was not considered in the probate court. No question was raised concerning it, and upon appeal to the district court at the March Term for 1881, a motion was made by *Stillman* to dismiss the appeal. The motion was granted, and the appeal of the administrator dismissed at his cost, and thereupon the court, Martin, J.:, filed the following opinion:

"The administrator instituted proceedings for appeal to this court, and the main question presented by the plaintiff's motion to dismiss the appeal is, whether said order of the probate court of March 2, 1881, is appealable. It may be said that in the argument of the motion the administrator has made a statement of the reason for his refusal to pay said claim, which reason the plaintiff claims is without foundation; but this matter cannot properly be considered now, the ques-

tion before the court being altogether one of statutory construction. The classes of questions appealable from the probate court to the district court are enumerated in § 188 of the executor and administrator act. They embrace among others, 'all apportionments among creditors, legatees or distributees,' 'all orders directing the payment of legacies, making distribution, or making allowances to the widow,' and 'all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction.'

"It is claimed by the administrator that said order of March 2, 1881, comes within one or more of these classes. Section 159 of said act provides in substance that at every settlement it shall be ascertained what money is in the hands of the administrator, and if the same is insufficient to pay the whole of the debts and the expenses of administration, the money remaining after paying the expenses of administration shall be apportioned among the creditors, and paid to them according to the classification of their demands. The phrase, 'all apportionments among creditors,' used in § 188, doubtless has reference to these general apportionments among all the creditors, and does not embrace an order like the present one.

"Sections 160 and 161 define more specifically the rights of the creditors, and the duties of the probate court and of the administrator toward them. Section 166 provides for the 'payment of legacies and distribution of shares, as in the case of debts,' and enacts that, when an order shall be made by the court upon an executor or administrator to pay over money to the widow, heirs, legatees or distributees of an estate, and he fails to make such payment, the same proceedings may be had against him and his securities to compel such payments as are authorized in cases where an executor or administrator fails when ordered to pay demands allowed against an estate. The phrase, 'all orders directing the payment of legacies, making distribution, or making allowances to· the widow,' used in § 188, probably has reference to the provisions of § 166 only, and the term 'making distribution,' to the division of the proceeds of the personal property among those entitled to distributive shares, and not among creditors. This is the appropriate legal signification of .the term, although the phrase 'order of distribution' is used in § 181 with reference to creditors. The term 'making distribution,' being coupled with the payment of legacies and the allowances to the widow,

adds strength to this view. Besides this, the case of creditors seems to be fully provided for in those parts of § 188 allowing an appeal on their demands, and on all apportionments among them. But the order of March 2, 1881, does not appear in any proper sense to be an order of distribution. It embraces one claim only, and is a specific order in reference to it. That claim was allowed three-and-a-half years ago, and assigned to the second class, and no appeal was taken. Under the express provisions of § 160, it became the duty of the administrator to pay all the debts of the second class before paying any one of a subsequent class, a duty which the administrator has disregarded for reasons which he claims to be sufficient. In such case, after demand upon the administrator for payment, and refusal thereof, it is the duty of the probate court, on application of the creditor, and being satisfied that such demand has been made, to issue execution against the administrator; and if such execution be returned unsatisfied, then the creditor may institute an action on the official bond of the administrator. (Sec. 161.) The plaintiff has not pursued this course, but a milder one. The order is one that is not expressly provided for by the statute. It is in no proper sense a final one. It does not conclude the rights of the administrator. Whether or not such rights are concluded by the allowance and classification of the claim, and the failure to appeal from it, is a question that may arise hereafter, but it is not properly before the court now."

The administrator brings the case here.

*Webb & Martin,* for plaintiff in error.

*Smith & Solomon,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This proceeding is an appeal from an order of the probate court of Doniphan county, directing the administrator to pay the balance due upon a claim in favor of the defendant in error, against the estate of Archibald Webb, deceased, duly allowed October 29, 1877, and assigned to the second class of claims. The appeal of the administrator, on motion, was dismissed by the district court, upon the ground that the order of the probate court is not appealable. The

order of dismissal was properly granted, and we cannot add much if anything to the opinion filed by the learned district judge. Section 188 of the act respecting executors and administrators, p. 434, Comp. Laws of 1879, reads as follows:

"Appeals shall be allowed from the decision of the probate court to the district court in the following cases: *First,* On all demands against an estate exceeding twenty dollars. *Second,* On all settlements of executors and administrators. *Third,* On all apportionments among creditors, legatees or distributees. *Fourth,* On all orders directing the payment of legacies, making distribution, or making allowances to the widow. *Fifth,* On all orders for the sale of personal estate because distribution cannot be made in kind. *Sixth,* On all orders for the sale of real estate. *Seventh,* On judgments for waste. *Eighth,* On proceedings to recover balances escheated to the state or county. *Ninth,* On orders revoking letters testamentary, or of administration. *Tenth,* On orders making allowance for the expenses of administration. *Eleventh,* On orders for the specific execution of contracts *Twelfth,* On orders compelling legatees or distributees to refund; and in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction."

The order complained of does not come within any of the provisions of this section. It is substantially a demand made by the creditor, through the court upon the administrator, to pay a claim already allowed. Instead of being a final order, is is rather an anomalous order, which concludes the rights of no one. It simply directs the payment of a claim allowed. If the administrator has any valid defense to the enforcement of the allowance of October 29, 1877, he must pursue some other remedy for the protection of the rights of the estate which he represents, than appealing from an order directing merely its payment.

The order and judgment of the district court will be affirmed.

All the Justices concurring.