HOWARD GRIMES *et al.* v. NORMAN BARRATT *et al.*

No. 10906.

PRACTICE, PROBATE COURT—*Appeal.* An appeal will not lie from an order of the probate court appointing an administrator of the estate of a deceased person.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed March 11, 1899. Affirmed.

*B. F. Hudson*, for plaintiffs in error.

*W. W. & W. F. Guthrie*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : Susan Grimes died intestate. Her next-of-kin were her children, of whom the plaintiffs in error comprise the greater number. The probate court appointed Norman Barratt administrator of her estate, and he qualified and entered upon the performance of the trust. He was not of the class denominated "next-of-kin." None of the next-of-kin voluntarily renounced the right to administer the estate of the deceased, nor was any of them cited to appear in the probate court for the purpose of taking or renouncing administration, nor did the probate court make a finding that any of them was incompetent or unsuitable for the discharge of the trust. The plaintiffs in error appeared in the probate court and made a motion to set aside the order appointing Barratt as administrator for the reason that they, as next-of-kin to the deceased, were entitled to administer her estate, and they had not renounced their right nor been cited to appear in court for the purpose of taking or renouncing administration, nor had they been adjudged incompetent or unsuitable for the discharge

of the trust, wherefore, as claimed by them, the appointment of Barratt was in violation of section 12, chapter 107, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2796), upon the subject of the administration of decedents' estates. This motion was overruled. The plaintiffs in error appealed to the district court, which court affirmed the rulings and orders of the probate court. From its judgment of affirmance error has been prosecuted to this court.

We need not undertake to determine the correctness of the decisions made by the probate and district courts. No appeal lies from an order of the probate court appointing an administrator of a deceased person's estate. Section 203, chapter 107, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2974), specifies thirteen different classes of cases in which appeals to the district court shall be allowed from the decisions of the probate court, but an order appointing an administrator is not included in the list. The thirteenth and last class of cases in which by the statute cited appeals are allowed is, "where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction." Within this class, if within any at all, the case of the plaintiffs in error must be included. It is not, in our judgment, within that class. A portion of the above-cited statute relating to the appointment of administrators reads as follows:

"If the persons so entitled to adminstration are incompetent, or evidently unsuitable for the discharge of the trust, or if they neglect for twenty days after service of said citation without any sufficient cause to take administration of the estate, the court shall commit it to one or more of the principal creditors, if there be any competent and willing to undertake the trust."

This statute evidently vests in the probate court large discretion in the selection of administrators. The court is entitled to pass upon the competency and suitability of the next-of-kin to discharge the trust in question. The next-of-kin are entitled to administer the estate upon conditions, and the determination of the existence of those conditions would seem to be wholly with the probate court, if not oppressively and arbitrarily exercised. That discretion has not been made reviewable by the terms of the statute relating to appeals, unless the very general language of the provision above quoted regarding the thirteenth class of appealable cases vests the discretion. It could not have been the intention of the legislature to vest in the probate court a full measure of discretion in the appointment of administrators, and at the same time confer upon dissatisfied and protesting persons a right to appeal from the exercise of such discretion.

It is true the appointment of another than the next-of-kin without the issuance of a citation to such next-of-kin to appear in court and take or renounce administration was irregular; that is, it was irregular in the contingencies that the next-of-kin lived within the county and any interested person applied to the court for the issuance of a citation. The issuance of a citation is not a positive requirement. It is by section 12, *supra*, required only in the contingencies mentioned. Whether these contingencies occurred in the case in hand we are not advised, but, assuming that they did occur, it must be observed that the appeal was taken from the order of appointment and not from the neglect of the probate court to issue a citation. It was taken from the discretionary order and not from the neglect of the court to observe the requirement to issue a citation. If appeal in such cases will lie, the

neglect of the court to issue the citation might be reviewed ; but under the statute, if it lie at all, it lies as well where the citation has been issued as where it has not. If the statute gives a right of appeal it does not give it because the requirement as to the issuance of a citation has been violated, but because the discretion of the court as to the substantive right involved has been abused. So, to determine whether a right of appeal exists, we need only to look to the statute relating to appeals, and in no wise to those relating to other matters.

The supreme court of Missouri, construing a provision of a statute of that state, in terms the same as the one in this state relating to appeals from probate courts, held that an order appointing an administrator was not appealable, because discretionary with the court. (*State, ex rel. Grover, v. Fowler*, 108 Mo. 465, 18 S. W. 968.) However, in such matters, as explained by the court in the case cited, an aggrieved person is not wholly without remedy. If the discretion of the probate court has been manifestly abused, mandamus will be allowed to compel it to follow the statutory order of priority in the making of the appointment. While mandamus will not be issued to control discretion, it may nevertheless be issued to compel the performance of a plain statutory duty, where the only excuse for its non-performance merely masquerades in the guise of discretion. In addition to the remedy of mandamus it would seem that error from the judgment of the probate court would lie under section 583, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4640), which reads : ''A judgment rendered or final order made by the probate court may be reversed, vacated or modified by the district court for errors appearing on record.''

The judgment of the court below is affirmed.