JOHN S. BRANNER v. JOSIE WEBB *et al.*

No. 11,327.  (59 Pac. 270.)

PRACTICE, PROBATE COURT—*Orders not Appealable.*  An order of the probate court setting aside a prior discharge of, and vacating the allowance of a final account made by, an administrator and guardian, and requiring another account to be filed within a time fixed, is not appealable.

Error from Shawnee district court; WM. THOMSON, judge *pro tem.*  Opinion filed December 9, 1899. Affirmed.

*Isenhart & Alexander*, and *Wm. R. Hazen*, for plaintiff in error.

*Keeler & Hite*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: In May, 1898, Josie Webb and Millie Nichols filed in the probate court of Shawnee county a written application, stating, in substance, that Jacob Klein died intestate on October 10, 1875; that John S. Branner became administrator of his estate on January 10, 1876, and also administrator of the partnership estate of the firm of Branner & Klein, which consisted of John S. Branner and Jacob Klein, who were equal partners in business. On January 6, 1877, Branner became the guardian of the estate of the said Josie Webb and Millie Nichols, whose names were then Josie and Millie Klein. On December 29, 1880, Branner rendered to the probate court his third and final account as administrator of the estate of said Jacob Klein, which account was then allowed, and an order made by the court discharging him as administrator of the estate of Jacob Klein, an entry to that effect being made on the record. Branner con-

tinued to act as administrator of the partnership estate, and to hold and manage all the assets thereof, until February 22, 1892, when he presented to the probate court his second purported final account as administrator of said partnership estate. In said last amended account there were included various items, matters and transactions of his management of the estate of Josie Webb and Millie Nichols, whereby said account purported to be a final account, not only of his administration of the partnership estate, but also of his administration as guardian of the estates of said Josie Webb and Millie Nichols. Branner then obtained an order from the probate court allowing said account and discharging him from his trust.

The application further set out various acts of fraud on the part of Branner, wherein he failed to account for money coming into his hands as administrator of the partnership estate and as guardian. A hearing was had on this application, and on the 10th day of June, 1898, an order was made as follows :

"Now, therefore, it is by the court ordered and adjudged, that the account of the said John S. Branner filed in this court on or about February 22, 1892, purporting to be the final account of his administration of said partnership estate, and therein entitled as follows : 'Second and final report of John S. Branner, guardian of the person and estate of Josie Webb (formerly Josie Klein) and Millie Klein, as the surviving partner of the firm of Branner & Klein ; said firm composed of said John S. Branner and Jacob Klein.'

"And the order of the court made on April 20, 1892, allowing said account, and the subsequent order of this court discharging said John S. Branner from his said trust, be and the same are hereby declared to be fraudulent and void, and they are hereby vacated and set aside.

"And it is by the court further ordered, adjudged, and decreed, that the said John S. Branner be and he

is hereby required in —— days from this date to render to this court a full and complete account of all the moneys and assets which came into his hands as such administrator.''

From this order Branner appealed to the district court.   His appeal was dismissed, and he asks this court to reverse the action of the district court dismissing the same.   Counsel for plaintiff in error contend that the order of the probate court, set out above, was appealable, under the last clause of section 203, chapter 107, General Statutes of 1897 ( Gen. Stat. 1899, § 2877 ), relating to appeals from the probate court.   Section 203, after reciting certain specified orders and judgments from which appeals shall be allowed to the district court, concludes : ''And in all other cases where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction.''

If the order complained of is a final order, the appeal should not have been dismissed.   However, we do not regard the order made as final.   It was merely interlocutory, made in the progress of the settlement of the estate of Jacob Klein, deceased.   There was no new order or judgment in the matter, taking anything from one party and giving it to another.   The proceeding had may be likened to that passed on in *List v. Jockheck*, 45 Kan. 349, 27 Pac. 184.   In that case the judgment was opened under the fourth paragraph of section 601, chapter 95, General Statutes of 1897 ( Gen. Stat. 1899, § 4862), by petition, as required by section 606 ( Gen. Stat. 1899, § 4864) of the same chapter.   It was held that the order opening the judgment was not final.   The judgment was merely opened up for further hearing.   In this case the final accounting is set aside, just as the final judgment was set aside in the List case.   There are many orders

made in the progress of the settlement of an estate in the probate court which are not appealable. ( *Webb, Adm'r, v. Stillman,* 26 Kan. 371; *Grimes v. Barratt,* 60 id. 259, 56 Pac. 472.)    We regard this as one of that kind.  ( See *Higgins v. Brown et al.,* 6 Colo. 148; *The State, ex rel. Merrill, v. Burns,* 66 Mo. 227.)

The case, as it now stands in the probate court, is open for a trial of the question of fraud on the part of Branner.    The additional report which he has been required to make may serve as an answer to the charges of misconduct.    We regard the vacation of the final settlement in 1892 to be provisional and temporary only.    Upon a hearing, the probate court may conclude that the original order ought to stand.

The case of *Ferguson's Administrator v. Carson's Administrator,* 86 Mo. 673, cited by plaintiff in error, is not in point.    The action of the court appealed from in that case was its refusal to make an order for the sale of real estate for the payment of debts.    The judgment of the district court will be affirmed.