NORMAN BARRATT, *Administrator of the Estate of Susan Grimes, deceased,* v. HOWARD GRIMES, MALCOLM GRIMES, ROBERT B. GRIMES, E. J. GRAHAM, ALICE G. SMITH, AND R. A. PARK.

No. 785.   (63 Pac. 272.)

1. ACTION ON BOND—*Appeal from Probate Court—Jurisdiction —Estoppel.* Defendants in error appealed from an order of the probate court appointing plaintiff in error administrator of the estate of G. The case was heard upon the appeal in the district court and the judgment of the probate court sustained, against the contention of the plaintiff in error that the district court had no jurisdiction of the cause because no appeal was allowed in such cases. *Held*, that there was sufficient consideration for the appeal bond and that the defendants were estopped from denying its validity.

2. ———— *Measure of Damages—Costs.* In an action upon such bond, the administrator cannot recover the value of his time and expense in attending to such cause upon appeal, nor for his counsel fees therein, nor for damages to the assets of the estate, but such recovery is limited to costs occasioned by the appeal and taxed therein.

Error from Atchison district court ; W. T. BLAND, judge.   Opinion filed January 1, 1901.   Affirmed.

*Guthrie & Guthrie,* for plaintiff in error.

*B. F. Hudson, C. D. Walker,* and *J. L. Berry,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : Barratt, as administrator, sued the defendants in error upon an appeal bond given by them in the probate court of Atchison county, for the purpose of effecting an appeal from an order of that court appointing Norman Barratt administrator of the estate of Susan Grimes.  Upon a trial to the court there was judgment for the defendants, and the plaintiff prosecutes error therefrom.  The defendants in error move a dismissal of the petition in error, and assign seven reasons why the motion to dismiss should be sustained.  The substance of the motion is, as a whole, that the case-made is not sufficient to enable this court to review the errors complained of.  This is true as to some of the assignments, but not as to all.  The motion will be denied.

The plaintiff assigns eight rulings of the court as error.  The first is that the judgment is not sustained by the findings of fact, and that the plaintiff's motion for judgment thereon ought to have been sustained.  The second and third relate to the admission of evidence, and in this counsel omit to conform to the rule of practice of this court requiring the evidence to be set out in the brief as a part of the assignment of error.  Indeed, the evidence excluded is not contained in the brief at all.  We are referred to the record therefor.  We decline to investigate the record for this purpose.

The fourth assignment of error is that the findings of fact are not sustained by the evidence.  This we cannot consider, for the reason that the evidence is not all contained in the record.

The fifth assignment of error is in effect the same as the first.

Barratt v. Grimes.

The sixth assignment of error is that the court denied the plaintiff's motion for a new trial. In the condition the record is in, we cannot consider that assignment.

The seventh and eighth assignments of error are substantially the same as the first. So the only real question for us to consider is, Was the plaintiff entitled to judgment upon the findings of fact? It appears therefrom that the bond sued on was made and approved in the probate court, for the purpose of effecting an appeal to the district court from an order of the probate court appointing Barratt administrator. The supreme court has decided, in *Grimes v. Barratt*, 60 Kan. 259, 56 Pac. 472, that no appeal lies from an order appointing an administrator. However, the appeal was allowed; the case certified to the district court; the motion to dismiss the appeal for want of jurisdiction was resisted by the defendants and overruled; the case considered upon its merits upon the appeal, and the judgment of the probate court affirmed. The damages sought to be recovered, and which it is claimed plaintiff was entitled to recover under the findings of fact of the court, are four dollars for publishing notice of appointment, time and expense of the administrator in attending suit upon appeal, attorney's fees expended in defending the appeal, and damages to the property of the estate which occurred during the appeal. The condition of the bond is according to the requirement of the statute in such cases. (Gen. Stat. 1897, ch. 107, § 206; Gen. Stat. 1899, § 2880.)

It is contended by the defendants in error that, inasmuch as no appeal is provided for by statute in such cases, the bond is without consideration and void. It was given voluntarily. The defendants obtained

thereby everything which they sought to obtain and would have obtained had the statute provided for the appeal. We are determined in this case to adopt that rule of law laid down in the Encyclopedia of Pleading and Practice, volume 1, page 1019, paragraph 21, as being the rule of law more in consonance with equity and justice in such cases ; that is, that by voluntarily giving a bond and obtaining the benefits of an appeal, the appellant and his sureties are estopped from questioning the jurisdiction of the court to which the appeal was taken.

The only remaining question to be decided is, Are the items sought to be recovered within the contemplation of the bond? We must answer this in the negative, from the very terms thereof. Indeed, it cannot be said that the sureties would be liable for anything which the appellant would not be obligated to pay by the rules of law. The bond itself created no new or additional obligation. The costs of the appeal were paid. The cost of the publication of the notice of appointment pertains to the administration and was not occasioned by the appeal. There is no rule of law by which a party to litigation can hold his adversary for the loss or value of his time expended in looking after litigation, or for his ordinary expenses in connection therewith. Nor can he hold his adversary for his attorneys' fees. Counsel for plaintiff cite us to *Tyler v. Safford,* 31 Kan. 608, 3 Pac. 333 ; *Sanford v. Willetts,* 29 id. 647. These were actions upon attachment bonds, which is quite a different thing, and the conditions of the bond required by the statute are very different. The only contemplation of the condition of the appeal bond is that the appellant will pay that which he is adjudged to pay in the cause upon the appeal, and that liability in such a case

as this is limited to the costs, in our view.    Had there been a money judgment, it would have covered the payment of such judgment and interest accrued pending the appeal.    If the appellants had the possession or management of any property belonging to the estate they did not obtain the same by virtue of the appeal or any proceeding in the probate court, and it is not in the contemplation of the law or of the bond that any liability by reason thereof should be covered by the bond ; that would be an independent personal liability of the custodians of the property.

We are of the opinion that the judgment of the court was correct, and that the plaintiff was not entitled to judgment by reason of the findings of the court respecting the items of damages claimed by the plaintiff.

The judgment is affirmed.