## HERMAN v. STATE[*]
(No. 1262; May 25, 1925; 236 Pac. 507)

CRIMINAL LAW — HOMICIDE — MANSLAUGHTER — VENUE — MISCONDUCT OF JURY — NEW TRIAL.

1. Evidence *held* to warrant finding that defendant, without any justification and while in state of voluntary drunkenness, killed deceased, warranting conviction of manslaughter.
2. In homicide prosecution, contention that defendant could not have fired the shot because of his physical condition, and that course of bullet through the body of deceased showed that the shot could not have been fired in manner claimed by state, were questions of fact to be argued to jury.

3. Evidence that homicide occurred at Lavoye, located at or near where Salt Creek highway crosses Castle creek, was sufficient to prove venue in Natrona county, as court will judicially notice that Lavoye is in Natrona county.

4. New trial on ground of misconduct of jury, based on fact that one of jurors talked over a telephone while out of presence of other jurors, was properly denied, where it was shown that he only talked with his wife to ask her to look after shipment of meat and to tell her he would not be home that night; it thus clearly appearing that defendant was not prejudiced.

5. Where defendant's motion for new trial for newly discovered evidence was only supported by affidavit of one of his attorneys, but it did not appear that other attorneys or defendant himself did not know of such evidence, or that inquiry calculated to discover it had ever been made, *held*, that new trial was properly denied because of lack of showing of diligence.

*SEE Headnotes (1) 30 C. J. p. 316; (2) 30 C. J. pp. 322, 333 (1926 Anno) (3) 16 C. J. p. 767; (4) 16 C. J. p. 1162; (5) 16 C. J. pp. 1230, 1231.

ERROR to District Court, Natrona County; ROBERT R. ROSE, Judge.

James A. Herman was convicted of manslaughter and he brings error.

*M. F. Ryan* for plaintiff in error.

Jurors are not allowed to separate, 5768 C. S., nor withdraw from the bar except in charge of officers; Carter vs. State, 12 Miss. 637. Presumption is that separation is prejudicial. State vs. Harrison, 9 W. Va. 626; State v. Morgan, 12 Utah 678; Gamble vs. State, 12 Fla. 638; Daniel vs. State, 2 Ga. 421; Moss vs. Com. 5 Pac. 379. Separation vitiates conviction. People vs. Halley, 10 Calif. 138; venue was not proven; 12 Cyc. 229; Ingersoll vs. Davis. 14 Wyo. 127. The verdict was not sustained by sufficient evidence; State vs. Lampkin, 31 Idaho 175, 169 Pac. 939; Adair v. State, 15 Okla. 619, 180 Pac. 263; State v. Pressler, 16 Wyo. 214, 92 Pac. 806; State v. Grover, 35 Idaho, 589, 27 Pac. 1080; State v. Frey, 111 Kans. 798, 208 Pac. 574; State v.

Sullivan, 34 Ida. 68, 199 Pac. 647. A new trial will be granted on ground of newly discovered evidence, even if cumulative if it might change the verdict; State v. Lampkin supra; it is evidence that could not by reasonable diligence have been discovered before the trial, State v. Blackwood (Wash.) 175 Pac. 168.

*David J. Howell,* Attorney General and *John C. Pickett,* Asst. Attorney General for defendant in error.

No misconduct of the jury was shown; separation complained of was not prejudicial; Nicholson v. State, 18 Wyo. 298; State v. Carroll (Wash.) 206 Pac. 563; State v. Williams, 56 S. E. 783; People v. Cord, 108 Pac. 518; People v. Dunbar, 151 N. Y. S. 164; Cunningham v. State, 48 So. 297. (Miss.) ; Brown v. State, (Okla.) 216 Pac. 944; Williams v. State, (Ind.) 139 N. E. 657; Williamson v. State, 95 So. 569; People v. Matlock, 135 N. E. 767; Smith v. State, (Okla.) 197 Pac. 514; Lowe v. State, (Tex.) 226 S. W. 674; People v. Smith, 187 N. Y. S. 836. No objection was taken by defendant though his counsel knew of the separation; State v. Chacon, 209 Pac. 889; the point was waived; Barnes v. Com. 201 S. W. 318; People v. Williams, 142 Pac. 124; Meighan v. Com. 119 S. W. 734; Holmgren v. U. S. 217 U. S. 509; People v. Ung Sing, 151 Pac. 1145; People v. Newsome, 214 Ill. App. 146; White v. State, 101 Pac. 522; Warner v. State, 132 N. E. 249; Wyoming cases on the subject of misconduct are: Stock Growers Bank v. Gray, 24 Wyo. 18; Wallace v. Skinner, 15 Wyo. 233; Harden v. Card, 15 Wyo. 217; the venue was clearly proven by the testimony of witness Vance. Venue may be proved by inferential facts and circumstances; Warman v. Com. 237 S. W. 378 and cases cited; evidence was clearly sufficient to support the verdict; Cornish v. Territory, 3 Wyo. 95; Curran v. State, 12 Wyo. 553; People v. Ah Sun, 118 Pac. 240; Ford v. State, 78 S. E. 782. Newly discovered evidence is not looked upon with favor by the courts in the absence of a showing of justice, 16 C. J. 1181; Jones v. State, 26 Wyo.

293; Durham v. State, 29 Wyo. 85; the judgment of conviction should be affirmed.

KIMBALL, Justice.

On an information charging murder in the first degree the defendant was convicted of manslaughter, and brings the case here for review on error.

It is contended that the evidence is insufficient to support the verdict. The deceased, C. A. Anderson, was shot and killed at Lavoye, Natrona County, between 9 and 10 o'clock in the evening of October 10, 1923. At about 9 o'clock Anderson with two companions, Moore and Jacobs, went to a room sometimes occupied by a Miss Jones. They found no one in the room, and after staying there a few minutes, were leaving. Anderson stepped out first, followed by Jacobs and Moore. When Anderson was a few steps outside the room, Jacobs a step behind him, and Moore hardly out of the room, some one was heard to say "I will shoot you." Anderson seemed to lean forward "to see what was down there." There was the report and flash of a gun, the flash seeming "to come up from below," and Anderson fell paralyzed by a bullet that struck him on the point of the chin and pierced the neck and spinal cord resulting in his death a few minutes later. Moore and Jacobs retreated to the room for a minute or so, and then left by the same door, the only exit, Jacobs then noticing two bodies lying a few feet outside the door. A deputy sheriff and others soon came to the scene, and found Anderson and defendant lying there, Anderson wounded and dying and the defendant apparently unable to stand. In his hand defendant held a revolver of the same calibre as the bullet that struck Anderson. The deputy sheriff testified that on approaching the defendant the revolver was shifted from one hand to the other. The defendant was taken into custody and removed to the jail, where he continued in an apparently drunken sleep or stupor for some time. On waking, as testified to by a fellow-inmate of the jail, defendant said that he had had "quite a time" the

night before; that he might have shot somebody, and believed he had shot through the door. There was a bullet hole through the door of the room we have mentioned, but it is not the theory of the state that that bullet caused any harm.

Defendant testified that he went to Miss Jones' room at about 8 o'clock; that he had several drinks there; that two or three men came in; that some time about 8:30 or 9 o'clock he was rendered unconscious by a blow on the head, and knew nothing more until he awoke in jail. The evidence warrants the belief, however, that defendant's condition was the result of drink, and the verdict of manslaughter indicates the jury's belief that he was too drunk to be held guilty of murder. Defendant denied that he owned or had a revolver, but there was evidence to prove that the identical weapon found in his hands at the scene of the killing, and a box of 50 cartridges therefor, were bought by him early in the evening of the day of the killing. The empty cartridge box, identified by the dealer's cost-mark, and one empty shell, were found inside the room of Miss Jones. The fifty cartridges, except one, are accounted for by unexploded cartridges found in defendant's pocket and in the revolver, and shells of exploded cartridges in the revolver and in the room.

We think the jury were warranted in believing from the evidence that the defendant without any justification fired the fatal shot while in a state of voluntary drunkenness. If so, he was guilty of manslaughter at least. Gustavenson v. State, 10 Wyo. 301, 68 Pac. 1096. In contending that the evidence is insufficient to show that defendant fired the shot, it is argued that the physical condition of the defendant at the time of the shooting was such that he could not have fired the shot, and, also, that the course of the bullet through the body of Anderson, and the position of the body when found by the deputy sheriff and others after the shooting, show that the shot could not have been fired in the manner claimed by the state. These are arguments proper to have

been made to the jury concerning questions of fact that have been settled by the verdict.

It is contended that there was no evidence to prove venue. Soon after the shooting, the body of Anderson was carried to the room to which we have referred, and there was positive evidence that that room is in Natrona County, but no direct evidence that the place where the shooting occurred, some 12 feet outside the room, is in the same county. It is shown, however, that the shooting was in Lavoye, a place having streets, stores, banks, etc., located at or near the point where the Salt Creek highway crosses Castle Creek. We perceive no difficulty in holding that we may take judicial notice that the place of Lavoye, so described, is in Natrona County.

It is contended that the defendant should have been granted a new trial because of misconduct of the jury. This question was fully heard by the trial judge on affidavits submitted by the defendant in connection with his motion for a new trial, and controverting affidavits submitted by the state. The trial judge decided that the defendant had suffered no prejudice and we believe that that decision was fully justified. The only allegation of misconduct which we think of sufficient importance to require discussion is the claim that juror Wilson, while out of the presence of the other jurors, talked over the telephone on two or three occasions. We think it sufficiently appeared from affidavits presented to the trial judge, that this juror used the telephone only for the purpose of talking with his wife to ask her to look after a shipment of meat, and, possibly, another time, to tell her that he would not be home that night. In Nicholson v. State, 18 Wyo. 298, 314, 106 Pac. 929, it is said that where a defendant in a capital case has shown a separation of a jury or opportunity for others, especially witnesses, to communicate with them in violation of the statute, and it appears that the defendant was prejudiced, or does not appear that he was not prejudiced, a new trial should be granted. As we think it clearly appeared in the

case at bar that the defendant was not prejudiced, a new trial on the ground of misconduct was properly denied. See, also, Cronberg v. Johnson, 29 Wyo. 11, 28, 208 Pac. 446.

It is also contended that a new trial should have been granted because of newly discovered evidence. The only showing made to the trial court in support of this ground for a new trial was the affidavit of one Hayes, which, we will assume, discloses that he knew facts that might have been material in defendant's behalf, and the affidavit of M. F. Ryan, one of the attorneys for the defendant, that he did not know of the existence of Hayes until long after the trial, and could not with due diligence procure his attendance at the trial. Mr. Ryan is one of three attorneys who appeared for the defendant at the trial. It was not shown that the other attorneys, or the defendant himself, did not know of this evidence, nor that any inquiry calculated to discover it had ever been made. In the circumstances the trial court was justified in holding that the defendant failed to show that the evidence was not known or discoverable by the exercise of diligence before the trial.

We find no error in the record, and the judgment will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.