## WOLFE v. STATE
(No. 1440; March 13, 1928; 264 Pac. 1033)

136

*Wm. M. Stansbury*, for plaintiff in error.

*William O. Wilson*, Attorney General; *John Dillon*, Special Assistant Attorney General, for defendant in error.

KIMBALL, Justice.

The defendant was convicted of assault and battery with the intent to commit forcible rape, and brings the case here on error.

The main contention is that the verdict is not sustained by sufficient evidence. We have carefully read and considered the evidence, but shall refrain from setting it out at any length. We are of opinion that the question of the guilt or innocence of the defendant was one of fact for the jury, and we cannot disturb the verdict. The prosecutrix was a school-teacher, unmarried, 19 years of age. The defendant was a few years older, and married. They had been acquainted for some time. They met in the evening at Lost Springs near the town hall where a public social meeting was being held. The prosecutrix testified that, while she and defendant were walking together from the hall, he made amorous advances which she repulsed; that he then put his arms around her and threw her to the ground, he falling on top of her. Then, as to what happened, she testified, among other things, that:

"Well, I tried to get away from him as much as I could. I pulled his hair and bloodied his nose and scratched his face, and I tried to turn over but I couldn't. He took both of my hands with one of his hands, and with his knee or foot he tried to get my legs apart. * * * I was begging

him all the time to let me alone, I offered him money, I offered him anything, if he would just let me alone.''

She testified also that she tried to scream; that ''I heard a car go by, but (sic) I wanted somebody to hear me, and I screamed as loud as I could,'' and that defendant then put his hand over her mouth. She claimed that when she got up and ran away, the defendant overtook her and begged her not to tell because of his wife, whom prosecutrix knew. As soon as the prosecutrix met the friends with whom she was staying, she complained to them of the assault, and they testified that she was then crying and excited. She did not on that evening accuse the defendant, but said that her assailant was unknown to her. Asked to explain this, she said she didn't know why it was, unless because she was excited and trying to shield herself and defendant's wife. The day following the assault, she admitted, on being questioned, that defendant was her assailant. When the defendant was arrested, the second day following the alleged assault, there were scratches on his face, and his explanation to the officers of the cause of the scratches was different from his explanation on the witness stand. There were blood stains on the coat worn by prosecutrix at the time of the assault; some evidence of a scratch on her neck, and the testimony—not very satisfactory—of two witnesses who stated that they heard a noise that might have been a scream from prosecutrix at the time of the assault. The defendant denied every material part of prosecutrix' story, admitting only that he walked with her a little way along the street on the evening in question.

From this recital of the important parts of the evidence, it will appear without discussion that the state made out a fairly strong case. We see no reason for holding that the jury were not entitled to believe the prosecutrix, whose testimony, not unreasonable as a whole, was in some particulars supported by other evidence. If she told the truth in testifying to the material facts, the verdict was right.

When the arguments to the jury were commenced, the only evidence to prove the venue was that the crime was committed in the town of Lost Springs. We believe that was sufficient, as the judge and jury had the right to take judicial notice of the fact that Lost Springs is in Converse County, the county in which it was charged that the crime had been committed. Herman v. State, 33 Wyo. 58, 236 Pac. 507; 16 C. J. 513, note 18. At the close of the arguments, the trial judge, as a matter of precaution, permitted the state to re-open its case and prove that Lost Springs is in Converse County. This was not an abuse of discretion, particularly in view of the fact that, under the evidence, there was no doubt as to the place where the crime was committed, if committed at all.

In his petition in error, the defendant complains of the judgment or sentence because it directs that the defendant be imprisoned in the ''Wyoming State Penitentiary, situate at or near Worland, in the County of Washakie.'' The Wyoming State Penitentiary is at or near Rawlins, Carbon County. The Wyoming Industrial Institute is at or near Worland, Washakie County. From other papers on file in the case it appears that defendant has been committed to the Wyoming Industrial Institute, where he is now serving his sentence. It does not appear that the defendant would prefer to be confined in the state penitentiary, but he merely complains of the indefiniteness of the judgment. That would be no ground for setting aside the verdict. As we think there is no doubt that defendant is now confined in the institution in which the trial court intended that he should be imprisoned, we shall direct the correction of the judgment so that it will show that defendant was sentenced to be confined in Wyoming Industrial Institute, at or near Worland in the County of Washakie. As so corrected, the judgment is affirmed.

*Affirmed.*

BLUME, Chief Justice, and RINER, Justice, concur.