No. 31,740

S. J. KACHELMAN, *Appellant*, v. THE ESTATE OF JOHN A. KACHELMAN, Deceased, *Appellee*.

(33 P. 2d 947.)

Opinion filed July 7, 1934.

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellant.

*Charles S. Fulton* and *Walter Huxman,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal is from a judgment of the district court

refusing to disturb a judgment of the probate court removing an administrator and appointing a successor.

John A. Kachelman died intestate on November 19, 1932. S. J. Kachelman, a brother of the deceased, was appointed administrator of the estate, on petition of certain heirs. Mattie Copeland, a sister of the deceased, was one of the petitioners. The administrator qualified on January 19, 1933. A family settlement was made on April 1, 1933, providing that S. J. Kachelman should take over the assets of the estate as shown by the reports of the administrator on file, and pay certain sums to the other heirs. On April 1, 1933, the administrator filed his final account. On May 5, 1933, Mattie Copeland filed objections to the final account, and filed an application for removal of the administrator. After a hearing the administrator was removed and, as indicated, the order of removal was affirmed.

The administrator concedes there was a controversy between himself and his sister, Mattie Copeland, as an heir of the deceased. The merits of the controversy are such there must be an investigation, and it is not deemed essential the details should be stated. It is sufficient to say Mattie Copeland was a party interested in the removal of the administrator, notwithstanding the family settlement; she was not estopped by her petition for appointment of the administrator from subsequently petitioning for his removal; sufficient ground for removal was established; and Mattie Copeland was privileged to choose her own method of procedure to protect her interest as heir.

When the administrator was removed the probate court appointed a successor, to whom the administrator objected, and the administrator appealed. The district court, relying on the decision in the case of *Grimes v. Barratt*, 60 Kan. 259, 56 Pac. 472, held there can be no appeal from an order appointing an administrator. The cited decision was based on the discretionary character of an order appointing an administrator, and on the absence of a specific provision of statute authorizing appeal from such an order. It was said, however, in effect, that abuse of discretion might be remedied by action of mandamus, and by proceeding in error under the then existing practice.

In the case of *In re Miller's Estate*, 90 Kan. 819, 136 Pac. 255, the decision in *Grimes v. Barratt* was discussed. It was recognized that

abuse of discretion was reviewable, and the opinion contains the following:

"Under the new code proceedings in error have been abolished, and a review of judgments and of final orders of probate courts may now be had by appeal." (p. 821.)

The court can do no more than call attention to the significant statement just quoted, because in this instance the successor to S. J. Kachelman has resigned, and an administrator *de bonis non* has been appointed who is not objectionable to the heirs.

The judgment of the district court is affirmed.