THE STATE OF KANSAS, *ex rel. L. H. Thompson, as County Attorney, etc.,* v. L. C. COLER *et al.*

No. 15,184   (89 Pac. 693.)

SYLLABUS BY THE COURT.

1. INJUNCTION—*Common Nuisance—Review by Supreme Court.* The right to a review by the supreme court of a judgment, appealable order or ruling of a district court in a suit to enjoin the maintenance of a common nuisance is not taken away by section 5019 of the General Statutes of 1901. Appeals are thereby denied only in actions where there is nothing in controversy but money or property, or rights susceptible of a valuation in money, and the amount in controversy does not exceed one hundred dollars, exclusive of costs.

The State v. Coler.

2. ——— *Bawdyhouse.* A bawdyhouse, especially when conducted according to the allegations of the ·petition in this case, is a common nuisance and may be enjoined in a suit brought by the county attorney in the name of the state. (Gen. Stat. 1901, § 4700.)

Error from Norton district court; ABEL C. T. GEIGER, judge. Opinion filed March 9, 1907. Reversed. ·

*Fred S. Jackson,* attorney-general, and *L. H. Thompson,* county attorney, for The State.

*John R. Hamilton,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This suit was brought on the relation of the county attorney to have a certain house adjudged a common nuisance and to enjoin the defendants from keeping and maintaining the same as such.

The petition alleged that the place was a common nuisance, (1) in that it was kept as a resort where many persons, male and female, were allowed and encouraged to meet, and did meet and assemble, for the purpose of prostitution and illicit sexual intercourse, and that the building on the premises was a brothel and bawdyhouse; (2) ·the petition also alleged that the place was kept as a resort where many persons, male and female, were permitted·and encouraged to assemble, and did assemble, for the unlawful purpose of drinking intoxicating liquors as a beverage.

A demurrer was interposed by the defendants, and was sustained as to the first cause of action and overruled as to the second. The county attorney elected to stand upon his petition, and brings the case here for review as to that portion· of the ruling adverse to the state. ·

The defendants move to dismiss the appeal for the want of jurisdiction in this court to entertain the same. The statute now in force, section 5019 ·of the General Statutes of 1901, was enacted in 1901, and

as respects jurisdiction on appeal is, so far as the question here involved is concerned, substantially the same as chapter 245 of the Laws of 1889. This court, in the case of *McPherson v. The State, ex rel.*, 56 Kan. 139, 42 Pac. 374, construed the limitation in the act of 1889 as not taking away the right to appeal to the supreme court from a "judgment in an action of divorce, . . . or other action involving personal rights or status, where no amount of money, or thing susceptible of a money valuation, was in controversy. Appeals were cut off only where there was nothing in controversy but money or property, or rights susceptible of a valuation in money." (Syllabus.)

Since there is nothing to indicate the contrary, the act of 1901 must be presumed to have been adopted with this interpretation in view and to have been a legislative approval of it.

The case at bar, being a suit for the injunction of a common nuisance, and involving no money nor anything to which a money valuation could apply, is not within the limitation. The appeal lies, and the motion to dismiss is denied.

The only remaining question is whether a bawdyhouse is a common nuisance. If so, the court has erred; if not, its decision must be sustained.

Section 4700 of the General Statutes of 1901 authorizes an injunction against a common nuisance in a suit brought by the county attorney in the name of the state. Public nuisance and common nuisance are entirely synonymous terms. At common law a bawdyhouse, in the common sense of the term, is a species of disorderly house and is indictable as a nuisance. (*Henson v. State*, 62 Md. 231, 232, 50 Am. Rep. 204.) The keeping of a bawdyhouse is a misdemeanor in this state. (Gen. Stat. 1901, § 2243.) It does not follow, however, as is contended, that because the keeping of such a house may be punished as a crime there is an adequate remedy at law, and that injunction will not lie to suppress such house as a nuisance. Whatever text-writers may say or the

courts of other states may decide, it is within the province of our legislature to determine the policy of the state and make such police regulations, not infringing upon constitutional limitations, as may to it seem wise.  By the laws of this state the maintaining of a bawdyhouse is, as we have said, made a misdemeanor; and, if it be a common nuisance, provision is also made for suppressing the continuing crime by injunction. These provisions violate no constitutional limitation upon the powers of the lawmaking body, and are valid.

Our statute does not define the meaning of "common nuisance," and hence these words, having acquired "a peculiar and appropriate meaning in law, shall be construed according to such peculiar and appropriate meaning."   (Gen. Stat. 1901, § 7342.)

"A public or common nuisance is such an inconvenience or troublesome offense as annoys the whole community in general and not merely some particular person.   It produces no special injury to one more than another of the people."  (2 Bouv. Law Dic. 524.)

"A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.   The test as to whether a nuisance is a public nuisance or not is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights."   (6 Words & Phrases Jud. Def. 5804.)

As to this cause of action the petition is not lacking in a revolting detail of facts, which the demurrer admits to be true, to establish, as a proposition of law, that the building as maintained and conducted was a common nuisance.  It is, therefore, unnecessary here to determine whether the bare allegation that a house is maintained as a bawdyhouse and brothel is sufficient to sustain a charge that it is a common nuisance.

The demurrer to this cause of action set forth in the petition should have been overruled.  The order sustaining the demurrer is reversed and the case is remanded, with instructions to proceed in accordance with the views herein expressed.