No. 35,935

In the Matter of the Estate of Albert T. Grove, Deceased. (SADIE GROVE, *Appellant,* v. H. H. GROVE, by Mrs. Albert Pressgrove, His Next Friend, *Appellee.*)

(148 P. 2d 497)

Opinion filed May 6, 1944.

*Edward Rooney,* of Topeka, argued the cause, and *Jacob A. Dickinson,* of Topeka, was on the briefs for the appellant.

*Walter T. Chaney,* of Topeka, argued the cause, and. *Lawrence A. Richardson,* of Topeka, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding to set aside a judgment of a probate court approving a final settlement of an administratrix. The probate court sustained a motion to strike the petition to set aside the judgment from the files. The petitioner appealed from that order to the district court. That court reversed the judgment and remanded the cause to the probate court for further proceedings. This appeal is from that order.

For the purpose of this appeal there is no dispute about the facts.

On October 9, 1933, Sadie Grove, the widow and sole heir of Albert T. Grove, was appointed administratrix of his estate. On the same day the claim of H. H. Grove, a brother of Albert, was allowed in the amount of $1,995. Nothing more was done in this estate, that is, no inventory was filed and no annual reports made until in May, 1940, when the administratrix filed an inventory showing no personal property in the estate and that it consisted of four parcels of real property. On March 12, 1941, the administratrix filed her petition for final settlement. In that petition she alleged that she had been appointed administratrix on October 9, 1933; that a complete account of her administration showing nothing received and nothing disbursed was attached; that the estate had been fully administered; that her account should be approved and the estate closed and upon final settlement should be assigned to the persons entitled to it; that she was the sole heir of Albert and entitled to all of the property. The four pieces of real estate of which the estate consisted were described in this petition. Notice was given that the petition would be heard April 7, 1941. The notice stated that a petition had been filed by the administratrix praying that her final account be settled and allowed; that the estate be finally closed and upon final settlement be assigned to the persons entitled to it and that she be discharged as administratrix and her bondsmen discharged from liability. A copy of this notice was mailed to Sadie Grove, the administratrix, and to H. H. Grove. The title read "The State of Kansas to Sadie Grove, H. H. Grove and all other persons concerned." The petition was heard April 7, 1941. On this date an order was made reciting the words of the petition stating that due notice of the hearing had been given pursuant to section 185 of the probate code and that a true copy of it had been mailed to Sadie Grove and H. H. Grove in St. Louis, Mo., they being all the heirs, devisees and other persons concerned. The court found that the decedent had died intestate; that the estate had been fully administered; that the administratrix had accounted for every part of the estate according to law and that the summary statement of it was as follows: "Nothing received; nothing disbursed;" that the account should be fully settled and allowed. The order containing this further finding is as follows:

"The Court further finds that the claim of H. H. Grove, allowed in said estate on October 9, 1933, has become dormant, that said claimant had been guilty of laches in the enforcement of the same, and that the same should be wholly barred."

The order further found that Sadie Grove was the only heir of the decedent and that the estate consisted of four pieces of real estate; decreed that the claim of H. H. Grove be barred and discharged and that all of the real estate be vested in Sadie Grove absolutely; that the estate be closed and Sadie Grove be discharged as administratrix and her bondsmen discharged.

On November 29, 1941, H. H. Grove filed an action in the district court of Shawnee county, Kansas, against Sadie wherein he alleged that he was a resident of St. Louis and that the defendant was a resident of Topeka, Kan. He recited the facts about the death of Albert T. Grove and the appointment of Sadie as administratrix and the fact that she was discharged and the estate closed; that his claim for $1,995 was allowed on October 9, 1933; that it had not been paid although there were ample assets in the estate with which to pay it; that the assets of the estate consisted of the real property to which reference has been made; that Sadie as administratrix knew that the claim had been allowed and that the assets of the estate were chargeable with its payment; that it was her duty to use the assets of the estate to satisfy the claim; that her acts in knowingly causing the estate to be fully and finally closed without the payment of plaintiff's claim were in disregard of her duty; that she was the sole heir of Albert T. Grove; that all of the property descended to her; that she was then the owner in possession of it. He prayed that he might recover from her the sum of $1,995, with interest, and that the real estate in question be charged with an equitable lien for the amount of the judgment.

On motion of the defendant, this petition was made more definite and certain by setting out copies of the order of the probate court closing the estate. It was further amended by an allegation that the claim of April 7, 1941, was void insofar as it presumed to find that the claim of Albert had become dormant and that he was guilty of laches for the reason that the probate court had no jurisdiction to make such a finding. Sadie demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

On January 24, 1942, this demurrer was sustained on the ground that the petition was an attempt to attack collaterally a judgment of the probate court. The plaintiff was given twenty days to amend. On May 12, 1942, the cause was dismissed at the cost of the plaintiff.

On May 11, 1942, H. H. Grove, by his next friend, Mrs. Albert Pressgrove, filed a petition in the probate court to set aside the order and judgment of that court of April 7, 1941, on the ground that Grove at the time the order was made and for a number of months prior thereto and at the time of the filing of the petition had been of unsound mind, which condition did not appear in the record, and that he had never been formally adjudged incompetent; on the ground of unavoidable casualty or misfortune preventing him from prosecuting or defending his rights; for fraud practiced by the administratrix in obtaining the judgment of April 7, 1941; and on the further ground that the portion of the court's order of April 7, 1941, discharging the claim of H. H. Grove and findings that it was dormant and that he had been guilty of laches was wholly void.

The petition further alleged that the claim had been allowed on October 9, 1933, and no appeal taken from the order of allowance; that it had not been paid by the administratrix prior to the final order of settlement although there were ample assets in the estate to satisfy the claim; that the administratrix knew that the claim had been allowed and that the assets were chargeable with the payment; that it was her duty to cause the claim to be paid and that she with full knowledge that it had not been paid caused the estate to be closed and was guilty of an unfaithful discharge of her duty as administratrix; and she was guilty of fraud in obtaining the order.

Sadie filed a motion in probate court to dismiss this petition because it showed on its face that plaintiff had no capacity to petition the court for any relief and for the further reason that H. H. Grove never had been incompetent and had filed an action in the district court in his own behalf, which was pending at the time the petition was filed.

The court sustained this motion on the 12th of September, 1942, for the reason that Mrs. Pressgrove was without capacity to petition the court for any relief.

The petitioner, Mrs. Pressgrove, appealed to the district court from that order. In the district court Sadie Grove filed a motion to dismiss the petition on the ground that it showed on its face that petitioner had no capacity to sue; that H. H. Grove never had been incompetent. She then set out in this motion the facts about the case that had been filed in district court, to which reference has been made; alleged that all of the matters raised by the petition in the

probate court were *res judicata* on account of the judgment in the district court; that by his pleading in his cause in district court H. H. Grove had relied on the judgment of April 7, closing the estate, and had asserted that Sadie Grove was the owner of all the real estate in question and by reason of that he was estopped from questioning the validity of that judgment; that the petition showed on its face that no valid ground existed upon which to set it aside; and that it failed to show any defense against the dormancy of the claim of H. H. Grove or his laches and that an inquiry into the competency of H. H. Grove was a condition precedent to the jurisdiction of the court and the probate court of Shawnee county was without jurisdiction over the person of Grove either to inquire into or adjudicate his competency because he was a nonresident of the state of Kansas and not within the state of Kansas, as disclosed by the affidavit of Mrs. Albert Pressgrove.

Sadie's motion was on the 13th day of February, 1943, overruled and the cause remanded to the probate court for further proceedings.

From that order this appeal is taken.

Appellant first argues that Mrs. Pressgrove has no capacity to petition for relief as next friend of H. H. Grove. They base this on the theory that Mr. Grove is a nonresident of this state. She argues that only a court having jurisdiction over the person of Grove could entertain a petition in his behalf by next friend. The statute authorizing petitions by next friend is G. S. 1943 Supp. 59-2205. That section provides as follows:

"The petition of a person under legal disability shall be by his guardian or next friend. When it is by his next friend the court may substitute the guardian, or any person, as the next friend. The court may appoint a guardian *ad litem* in any probate proceeding to represent and defend a party thereto under legal disability."

The section provides for petition being filed for a person under legal disability either by his guardian (that would be in a case where the person in whose behalf the action is being filed has been adjudged incompetent) or by next friend (that would be only in a case where the petition was being filed in behalf of a person who was incompetent but who had not been adjudged to be incompetent). This court has held that actions could be filed by next friend under such circumstances. (See *Talbot v. Wulf*, 122 Kan. 1, 251 Pac. 438.) There this court said:

"There is no statute which in terms forbids commencement of an action by an incompetent by his next friend, when incompetency has not been adjudged

and no guardian has been appointed. Under these circumstances, the court is of the opinion the common law permitting such a person to sue by his next friend has not been abrogated. The authorities are quite uniform that such an action may be maintained when the person in whose behalf the action is commenced is not insane, but is merely incapable of managing his affairs, has not been adjudged to be incompetent, and has no duly appointed guardian." (p. 2.)

See, also, *Atkinson v. Wichita Gas Co.*, 136 Kan. 854, 18 P. 2d 127.

We are not impressed by the argument that no court but one having jurisdiction of the person for whose benefit the action is being filed can entertain an action in his behalf by his next friend. If that were the rule an incompetent person would be deprived of his rights unless the cause of action for which he sought to bring suit could be brought in the county where he resided. The statement of such a rule is sufficient answer to it. As a matter of fact in the instant case from the time H. H. Grove's claim was filed in 1933 until the present time he has never been a resident of Shawnee county. Yet matters have transpired in the probate and district courts here which affected his rights. It certainly would not do to say that should he be incompetent he could not appear by next friend and protect those rights. The question of his incompetency is one of fact which the opposing party can put in issue if she wishes to, and if the court should find that he was not incompetent we would be faced with a different problem than the one with which we are now faced. As far as the record goes, he is incompetent and it was proper for the action to be brought by his next friend.

The fact that H. H. Grove has never been adjudged to be incompetent does not prevent such action being brought. (See *Lantis v. Davidson*, 60 Kan. 389, 56 Pac. 745.)

The fourth ground alleged in the petition is that so much of the judgment of April 7, 1941, as found that the claim of 1933 was dormant and that the claimant had been guilty of laches was void. This question will require a further examination of the pertinent statutes. In the first place it should be remarked that the administratrix has furnished us with no argument at all as to why this claim was dormant or the claimant guilty of laches. We have examined the statutes and the authorities and find no ground whatever upon which the claim could have been held to be either dormant or the claimant guilty of laches by the mere passage of time. The fact is the claim was allowed in 1933 and the administratrix did nothing whatever in the estate until March 12, 1941, when she filed

her petition for final settlement. It is so well settled as to hardly require the citation of authorities that a claim once allowed in the probate court from which no appeal is taken becomes final between the creditor and the estate. It is just as final as any other judgment. See *Webb, Adm'r, v. Stillman,* 26 Kan. 371; *Van Dusen v. Woolenmill Co.,* 74 Kan. 437, 87 Pac. 74; *Farmers State Bank v. Mitchell,* 143 Kan. 286, 55 P. 2d 423; and *Parsons v. McCabe,* 127 Kan. 847, 275 Pac. 173.

Such being the case with reference to this claim it could only be vacated by the court in a proceedings such as those brought under the provisions of G. S. 1935, 60-3007. The administratrix did not proceed under any such statute. She filed her petition for final settlement. In that she alleged her residence, about which there was no dispute; that she had been granted letters of administration, about which there was no dispute; said she had attached a true and complete account of her administration, which stated merely "nothing received, nothing disbursed." She then said the estate had been fully administered; that her account should be settled and allowed and the estate closed and that upon such final settlement the estate should be settled upon the persons entitled to it. She alleged that she was the sole heir of Albert T. Grove; set out the property owned; that she as widow and sole heir was entitled to all of the above property, and that she prayed her account be settled and allowed, and upon it being settled the bondsmen be discharged and the property be given to the person entitled thereto.

We have referred to this petition in detail because we are unable to find a single reference to the fact that there was a claim that had been allowed and unpaid against the estate; no allegation by which a court could reach the conclusion that the claim had been wrongfully allowed or should not have been allowed or should be set aside, and no allegation from which an inference might be drawn from one to whom the petition should be sent that action to set aside the claim was contemplated.

A notice of the hearing was sent to H. H. Grove and Sadie Grove and all persons concerned. In that notice she referred to her petition and said that in it she prayed that her final account be settled and allowed and that the estate be fully closed and that upon final settlement it be assigned to the persons entitled to it. A person holding a claim against the estate upon receiving that notice would be justified in concluding that the estate was going to be closed

and that his claim would be paid. There is nothing in that notice which would indicate to him that an effort was going to be made to set aside this judgment which had become final. The statute to which we have referred provides the ground upon which judgments may be set aside, and no facts are alleged in either this petition or notice which even remotely bring this petition within the provisions of that statute. *In re Estate of Hoover,* 155 Kan. 647, 131 P. 2d 917, is a case where the petition was one to admit a will to probate. In the order admitting the will to probate the probate court found that the widow had relinquished her rights on account of a contract. Neither the petition to probate the will nor the notice said anything about the contract. We held that the court had acquired by this petition no jurisdiction to adjudicate the effect of the contract, and so much of the judgment of the probate court as presumed so to do was void.

. We have reëxamined the question in *In re Estate of Hoover,* 156 Kan. 31, 131 P. 2d 917. There we again held that courts cannot go beyond the issues of fact tendered in the case and make a finding on the matters that are beyond the issues. (See *Charles v. White,* 214 Mo. 187, 112 S. W. 545; 15 R. C. L. 854; 1 Freeman on Judgments, 738, and *McFadden et al. v. Ross et al.,* 108 Ind. 512.) In that case the probate court simply passed on the effect of a contract. In this one the probate court sought to vacate a judgment that had become final.

The provisions of our probate code are informative on this question. The provisions as to notice are contained in G. S. 1943 Supp. 59-2209 and 59-2210. Sections 59-2208 and 59-2209 are as follows:

"When notice of any probate proceedings is required by law or deemed necessary by the court and the manner of giving the same shall not be directed by law, the court shall order notice to be given to all persons interested, in such manner and for such length of time as it shall deem reasonable. Any required notice may be waived in writing by any competent person or by any fiduciary.

"When notice of hearing is required by any provision of this act, by specific reference to this section, such notice shall be published once a week for three consecutive weeks in some newspaper of the county authorized by law to publish legal notices. The first publication shall be had within ten days after the order fixing the time and place of the hearing; and within seven days after first published notice the petitioner shall mail or cause to be mailed a copy of the notice to each heir, devisee, and legatee or guardian and ward, as the case may be, other than the petitioner, whose name and address are known to him. The date set for the hearing shall not be earlier

than seven days nor later than fourteen days after the date of the last publication of notice."

All parties are agreed that this is a proceeding where notice is required and that it was not waived.

G. S. 1943 Supp. 59-2210, gives the form of notice. It is as follows:

"Notice of any hearing, if such is required, shall be in substantially the following form:

"State of Kansas, ——— County, ss. In the probate court of said county and state. In the matter of the estate of (name of decedent or person under disability, with a specific designation which it is). Notice of Hearing. The state of Kansas to all persons concerned:

"You are hereby notified that a petition has been filed in said court by (name of petitioner and capacity in which he appears), praying for (state nature of petition and the nature of judgment, order or other relief sought), and you are hereby required to file your written defenses thereto on or before the ——— day of ———, 19 ——, at ——— o'clock —m, of said day, in said court, in the city of ———, at which time and place said cause will be heard. Should you fail therein, judgment and decree will be entered in due course upon said petition. ———, petitioner."

It should be noted that this statute provides that the notice shall state the nature of the petition and nature of the judgment, order or other relief sought. The notice in this petition did not contain anything from which an inference could be drawn that the probate court was going to be asked to hold that the final judgment of 1933 was dormant. It gave the court no jurisdiction to make such an order. It follows that as much of the order of April 7, 1941, as held that the claim of H. H. Grove was barred was void. Hence the petition we are examining in this proceeding stated a good ground why that order should be set aside and vacated.

The trial court was correct in sending the proceedings back to the probate court for proper action, and the judgment is affirmed.