No. 36,185

In the Matter of the Estate of Lester (William L.) Schroeder, Deceased (AGNES PASCOE, Claimant and *Appellee,* v. MAISIE SCHROEDER as Administratrix, etc., et al., *Appellants*).

(150 P. 2d 173)

Opinion filed July 8, 1944.

*R. C. Russell* and *Isabel Obee,* both of Great Bend, argued the cause, and *John Henry Lewis,* of Great Bend, was on the briefs for the appellants.

*George Siefkin,* of Wichita, argued the cause, and *Robert C. Foulston, Samuel E. Bartlett, George B. Powers, C. H. Morris,* all of Wichita, and *Herbert Diets,* of Great Bend, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from a judgment of the district court affirming an order of the probate court denying approval of the final report of the administratrix of an estate and ordering real estate sold to pay debts.

The proceedings occurred in the administration of the estate of Lester Schroeder who died November 12, 1941. Maisie Schroeder, his wife, was appointed administratrix December 6, 1941, in the probate court of Barton county. One of the allegations of the petition for her appointment was as follows:

"Comes now Maisie Schroeder, whose residence and post office address is 2520 Twelfth Street, Great Bend, Kansas, widow of Lester Schroeder, also known as William L. Schroeder, deceased, and represents that Lester Schroeder, also known as William L. Schroeder, late of the County of Barton and State of Kansas, died November 12, 1941."

Inventory of the estate was filed January 3, 1942. Amongst the assets reported was a quarter section of land in Rush county, Kan-

sas, subject to a mortgage of $3,500. On February 17, 1942, the probate court of Barton county set aside the above quarter section for the benefit of the widow and the three minor children of deceased as their homestead. This order was made without notice and without evidence.

The claim of Agnes Pascoe on a promissory note was filed December 13, 1941. This claim was allowed on April 13, 1942, with no contest.

On February 4, 1943, the administratrix filed her petition for final settlement. Due notice of the hearing on this petition was given all interested parties. Agnes Pascoe filed an answer to this petition in which she set out the allowance of her claim; that it had not been paid; that at the time of his death Schroeder was the owner of the land in question subject to oil and gas lease; that oil was being produced thereon; that there was property of the estate which had not been sold for the purpose of paying the debts; that the real estate in question was not the homestead of decedent and his family at the time of his death; that the widow and children of decedent did not occupy the premises in question at the time of the death of decedent and had not occupied it since but had lived in Barton county; that no notice was given of the hearing to set aside the land in question as a homestead and the court did not have jurisdiction to set it aside as a homestead.

The prayer of the answer was that the administratrix be ordered to make an accounting of the proceeds of the royalty from the oil lease; that she be ordered to sell the real estate and to use the proceeds for the payment of debts of the decedent and that approval of her final accounting be refused.

The probate court found that the demand had been duly allowed against the estate; that the decedent was a resident of Barton county at the time of his death; that the order of February 17 setting aside the land in question as a homestead should be vacated for the reason that the court was without jurisdiction to set apart as a homestead real estate in a county other than the county of residence of the decedent; that all of the real estate was subject to the payment of the debt and that the administratrix should be ordered to collect the royalties and pay the debts and to sell the real estate if it was necessary. The court further found that the final accounting of the administratrix should not be approved and that she should be directed to proceed further with the administra-

tion of the estate. An order was made accordingly. The administratrix appealed to the district court. Upon a hearing that court found the issues in favor of Agnes Pascoe and against the administratrix and that the real property was not the homestead of the decedent at the time of his death nor the homestead of the administratrix. It was ordered that the appeal of the administratrix be denied and the judgment of the probate court be affirmed. A motion for a new trial was denied, hence this appeal.

Appellant first directs our attention to the fact that the order of February 17, 1942, setting the real estate in question apart as a homestead was an appealable order (see G. 'S. 1943 Supp. 59-2401), and argues that since no appeal was taken it had become final at the time the petition of administratrix for approval of her first accounting was filed. Appellant admits that this order was made without notice, but points out the provisions of G. S. 1943 Supp. 59-2235, which are to the effect that the petition to set apart land as a homestead may be heard with or without notice. She argues that pursuant to that provision the probate court concluded to hear it without notice and after hearing set the real estate in question apart as a homestead. She further argues that the above order was valid, was appealable and no appeal was taken, hence it determined all the issues in this case.

This argument sends us to a consideration of G. S. 1943 Supp. 59-2235, as it applies to this proceeding. The claim of Agnes Pascoe was filed December 13, 1941. The order setting apart the land as a homestead was made February 17, 1942; the inventory showed personal property of the value of $500 and this farm as the only real property, so that at the time this order was made all parties knew that there was a claimant who. would require payment at least in part out of the real estate if her claim should be allowed in full.

Under such circumstances the creditor had an interest in the question of whether this land was to be set aside as a homestead and thus placed beyond the reach of creditors. It is true the statute in question provides that the petition to set aside land as a homestead may be heard with or without notice. There is another section which refers to what notice shall be given when notice is required by law or deemed necessary by the court. See G. S. 1943 Supp. 59-2208.

It is not clear, however, that these sections confer power on a probate court to have a hearing without notice of a matter wherein

the result of the hearing would be to deprive an interested party of a valuable right. To so hold would be to confer power on the probate court which is not conferred on any other tribunal that we know of. Certainly the framers of the probate code had no such intention. See 12 Kansas Judicial Council Bulletin, 102 (July, 1938); also 2 Bartlett's Kansas Probate Law and Practice, 1015. There are many authorities holding that a judgment entered without notice is void. See *Schott v. Linscott*, 80 Kan. 536, 103 Pac. 997; also *Union Central Life Ins. Co. v. Irrigation L. & T. Co.*, 146 Kan. 550, 73 P. 2d 72. *Swayze, Adm'x, v. Wade*, 25 Kan. 551, was a case where property had been set off to the administratrix who was the widow of decedent. A creditor appealed from the order. The district court held in favor of the creditor. On appeal this court said:

"As no notice of the hearing of the application for exemption was given to the creditors, or other parties, of course an order *ex parte* would have bound no one interested adversely thereto, but as defendant in error appeared voluntarily at the hearing thereon, and gave notice in open court of his appeal, and thereafter perfected the appeal, the question of the jurisdiction of the probate court for want of notice is not before us."

*In re Estate of Hoover*, 155 Kan. 647, 127 P. 2d 460, was a case where a probate court made an order admitting a will to probate and made an order covering a matter that was not mentioned in the petition to probate the will nor in the notice. On appeal we held that so much of the order of the probate court as related to matters not mentioned in the petition and the notice was void. (See, also, Opinion on Rehearing, 156 Kan. 31, 131 P. 2d 917, and *In re Estate of Grove*, 158 Kan. 444, 148 P. 2d 497.)

The order of February 17, 1942, setting apart the real estate in question as a homestead was made without notice to the creditor, an interested party, and hence was void as to the creditor.

When the petition for final settlement was filed due notice was given pursuant to the statute. The creditor whose claim had been allowed filed the objections to which reference has been made. In this answer the creditor tendered the issue, amongst others, that this farm was not the homestead of decedent and the administratrix at the time of his death. The appellant argues that there was no evidence introduced at this hearing. It is clear, however, that there was a hearing, the parties appeared in person and by counsel and briefs were filed. Regardless of whether witnesses were ex-

amined the court had before it the record wherein the administratrix had said under oath when she filed her petition to be appointed that at the time of his death decedent was a resident of Barton county. There was also the finding of the probate court that decedent was a resident of Barton county at the time of his death. This seems to have carried some weight with the court because in its order the court stated that the probate court of Barton county was without jurisdiction to set apart as a homestead real estate located and situated in a county other than the county of which decedent was a resident at the time of his death.

At any rate, the administratrix appealed and in district court the question was fully tried.

The constitution provided that the homestead shall in the case of farming land be one hundred and sixty acres occupied as a residence by the family of the owner. See article 15, section 9 of the constitution of Kansas. The statute making a homestead exempt from forced sale refers to one hundred sixty acres of land occupied as a residence. (See G. S. 1935, 60-3501.)

The question of fact submitted to the trial court was whether this farm was occupied as a residence by decedent or his family at the time of his death. There was the evidence of the petition of the administratrix, wherein she stated that he was a resident of Barton county at the time of his death. There were other circumstances, the setting out of which would add nothing to this opinion. The trial court heard the evidence and made a finding as to the facts. There was substantial evidence to sustain this finding and we cannot disturb it on appeal. Once the finding of fact was made that this land was not properly set apart as a homstead it was the duty of the court to order sold as much of it as was necessary to pay debts.

The judgment of the trial court is affirmed.