No. 36,750

In the Matter of the Estate of John F. Oliver, Deceased (FRED BEVER, *Appellee*, v. OSCAR M. YOUNT and HELEN E. YOUNT, *Appellants*).

(176 P. 2d 574)

Opin-
ion filed January 25, 1947.

*Oscar M. Yount* and *Helen E. Yount,* both of Galena, argued the cause and were on the briefs *pro se.*

*E. B. Morgan,* of Galena, was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: The principal question presented by this appeal is whether an order in probate court appointing a "special administrator" in the estate of a decedent and allowing attorneys' fees was a valid order. About five months after the order was made, it was vacated upon petition of a creditor. Appellants assert that the original order was valid and that the subsequent order vacating it was invalid. The matter is here upon appeal from an order of the district court overruling appellant's motion for judgment upon the pleadings. Omitting from the narrative many details recited in the abstract, we shall set out only the facts sufficient to present the issue.

In 1937, Arthur J. Click entered into a contract to purchase certain real estate in Cherokee county from John F. Oliver, the deed being placed in escrow to be delivered upon completion of the specified payments. Before payments had been completed, and on July 23, 1943, Oliver died. On August 14, 1943, Click filed a petition for the appointment of an administrator, in which he named five brothers and one sister as heirs of the decedent. After regular hearing, with notice, Fayette Rowe was appointed administrator on September 14, 1943. On October 27, 1943, Rowe asked to be discharged as administrator on the grounds that no funds or property had come into his possession. After hearing, with personal notice to the heirs, to Click, and to one Fred Bever, who is the appellee here, Rowe was dis-

charged on November 23, 1943, at which time the court found that no assets had come into his possession. No inventory was ever filed nor was there any final settlement or closing of the estate.

On April 26, 1945, Click and his wife filed a petition asking appointment of a "special administrator," and asserting that the time for filing and allowance of claims had expired; that he had a special interest by virtue of the contract hereinbefore referred to; that under the contract Oliver had deposited the deed in escrow with Oscar M. Yount, his attorney who had drawn the contract and deed, with direction to deliver it when full payment of the purchase price of $500 had been made; that he had paid $369 under the contract and that there was then unpaid the sum of $131, which amount was then tendered into court; that Yount had the deed and desired directions from the court in order to "carry out and perform the escrow imposed upon him as aforesaid . . . that there are no persons interested in or affected in the above-entitled matter except themselves and said Oscar M. Yount, and that no necessity exist for giving notice of the time and place of hearing of this petition, and that such a notice will serve no good purpose but simply create extra expense and unnecessary delay" and so forth.

Click then prayed "that letters of special administration be granted to Oscar M. Yount upon the estate of the said John F. Oliver, deceased; that the court make an order for the cost and expense herein, for a reasonable attorney fee for petitioners (Click and wife), and for the special administrator appointed, and for such other expenses out of the sum of money tendered herein," and so forth.

Hearing was held without notice to anyone on April 26, 1945, the day the petition was filed, and a finding made that it was not necessary to give notice of the time and place of the hearing "as there are no persons interested in the matters and things in said petition other than the said petitioners and said Oscar M. Yount, all who are now present in person in open court," and Oscar M. Yount was then appointed special administrator and directed to deliver the quitclaim deed to the Clicks. An allowance of $50 was then made to Helen E. Yount as attorney for the Clicks, and $50 to Oscar M. Yount for his services as special administrator, such allowances together with costs in the proceeding to be paid out of the $131. No appeal was taken from this order of April 26, 1945.

On October 1, 1945, Fred Bever, the appellee herein, filed a petition to vacate the order of April 26, 1945, appointing a special ad-

ministrator and allowing attorneys' fees. He alleged that the order "was improvidently granted," that certain statements alleged in the petition upon which said order was granted were untrue in that it was alleged that there were no persons interested in or affected by the matter except such petitioners and Yount; that following the appointment of Rowe as administrator, the petitioner Bever had filed his demand in the sum of $101.25 for the expense of the funeral and burial of the deceased Oliver; that said demand had been set for hearing on September 27, 1943; that notice of such hearing was duly given, and that after hearing at which he appeared and Rowe, the administrator, appeared, an order was made allowing the demand in the sum of $101.25 as a first-class claim. He further alleged that no part of his claim had been paid, "all of which was well known to said Arthur Jerome Click, Winifred C. Click, Fayette Rowe and to Helen E. Yount and Oscar M. Yount." Bever then prayed that the order of April 26, 1945, be set aside and that an administrator of the estate be appointed, and that the funds belonging to the estate should be "refunded to said administrator" and applied first to the payment of first-class claims as required by statute.

Hearing was duly had on October 19, 1945, after notice to all concerned upon Bever's petition to vacate. Oscar M. Yount and Helen E. Yount filed a demurrer to the petition on the grounds that Bever had no legal capacity to bring the action and that his petition did not state facts sufficient to constitute a cause of action against them and that any claim or pretended claim that Bever might have against the estate was barred by the statute of limitations and the nonclaim statute. The demurrer being overruled, the Younts filed an answer in which they asserted that the court was without jurisdiction either of the persons or of the subject matter; that the claim of Bever was barred by the statute of limitations and the nonclaim statute; that no inventory or appraisement had ever been had in the estate; that no claims were ever filed or allowed within the time and in the manner provided by the statute; that any administration by Fayette Rowe "was abandoned and never completed more than eighteen months prior to the appointment of said Oscar M. Yount as special administrator"; that Bever was not a creditor of the deceased and had no legal capacity to prosecute the action; that Oscar M. Yount had been regularly appointed and qualified as special administrator, and had delivered the deed to the Clicks as directed

by the court, and that he had then tendered into court the sum of $18.32 remaining in his hands after the attorneys' fees and other cost items had been paid, and that he was thereupon directed by the probate court "to hold said balance of eighteen dollars and thirty-two cents as aforesaid, as said court did not wish to clutter the records of the court with the same, and that there were no claims or demands allowed against the said deceased on which said sum could be lawfully applied." Oscar M. Yount then prayed for discharge as "special administrator."

Bever offered in evidence the files and records in the estate. Younts, the respondents, offered no evidence. The probate court then found *"from the files and records herein* and the personal knowledge of the judge of this court" (italics supplied), that Bever had filed his claim for $101.25 for funeral and burial expenses on September 14, 1943; that said claim had been set for hearing on September 27, 1943; that notice of said hearing had been duly served upon the administrator; and that after hearing duly had, the claim had been allowed on September 27, 1943. The court further found that the order of April 26, 1945, had been "improvidently and inadvertently granted; that no notice of the hearing of the petition therefor was given to anyone and particularly to the petitioner herein, Fred Bever." The court then vacated the order of April 26, 1945, and appointed Nellie Swaney as special administrator "to demand, sue for, collect and receipt for" the money paid out to the Younts as attorneys' fees and for any other amounts remaining in the hands of Oscar M. Yount belonging to the estate of the decedent."

On October 23, 1945, Fred Bever filed a petition for a *nunc pro tunc* order asking for the entry of the order of September 27, 1943, allowing his claim for funeral expenses and classifying it as a first-class claim. He alleged that the claim was duly allowed after hearing "but by omission or oversight the same was never entered upon the journal of the court." The petition for the order *nunc pro tunc* being granted, order allowing the Bever claim was entered as of September 27, 1943.

Oscar M. Yount and Helen E. Yount appealed from the order vacating the order of April 26, 1945, and in district court moved for judgment upon the pleadings. The motion being overruled, Bever offered his evidence and the Younts offered no evidence, electing to stand upon the motion for judgment on the pleadings. This appeal followed.

We first take note of appellee's contentions that the appeal should be dismissed on the grounds that the amount involved is not in excess of $100 (G. S. 1935, 60-3303) and that appellants failed to file a transcript of the stenographic notes of the testimony (G. S. 1935, 60-3311). Neither contention is good. The limitation as to the amount is only applicable to a "civil action for the recovery of money." This was an action to vacate an order involving questions of law quite apart from any financial interest which the Younts may have in the outcome. (*Beardsley v. Gas Co.*, 78 Kan. 571, syl. ¶ 1, 96 Pac. 859; *State v. Coler*, 75 Kan. 424, syl. ¶ 1, 89 Pac. 693; *Green v. Annuity Association*, 90 Kan. 523, 531, 135 Pac. 586.) Transcript of the testimony is not essential upon this appeal from an order overruling a motion for judgment on the pleadings. No contention is made that the record is incomplete as to the pleadings.

The situation presented by this somewhat involved narrative is simple enough. The administrator first appointed in the Oliver estate had been discharged but administration of the estate had not been closed. By petition, Click asserted that real estate, record title to which resided in Oliver, should be conveyed to him under the contract upon payment there tendered of a balance due of $131. Even if it be argued that no creditors were interested since the time for filing claims had elapsed, it is not contended that there were no existing heirs. Appellants contend that Bever was not a creditor when he filed his petition to vacate the order of April 26, 1945, nor when such order was vacated on October 19, 1945, for the reason that the *nunc pro tunc* order was not entered until October 25, 1945, and that therefore was without capacity to bring the action. The court, however, found that on October 19, 1945, *"from the files and records herein* and the personal knowledge of the judge of this court" that Bever's claim had in fact been allowed *on September 27, 1943,* after due hearing with notice. But in view of our conclusion, presently to be stated, it is not necessary to labor this point.

There being assets of the Oliver estate to be administered, the situation clearly called for appointment of an administrator *de bonis non,* under the provisions of section 59-708, G. S. 1945 Supp., which reads:

"If the authority of the sole or surviving executor or administrator terminates before the estate is fully administered, a new administrator shall be appointed to administer the estate not already administered. Such successor shall have the same powers and duties as his predecessor."

Is hearing, with notice, required in the case of appointment of an administrator *de bonis non?* In *Barrett v. McMannis*, 153 Kan. 420, 110 P. 2d 774, some language appears which seems to imply that the court may make an order dispensing with notice. In that case, administration of the estate had been begun several years before the present probate code went into effect on July 1, 1939. In the opinion it was said:

"It would appear that under 59-2204 the filing of a petition for the appointment of an administrator with the will annexed *de bonis non* was the commencement of a proceeding, and in a case arising entirely after the code was effective would require observance of all provisions for filing of petitions. But in this case we have to give consideration to the fact the administration of the Maynard estate had been continuing for some years prior to the date of the appointment of George Barrett as administrator, etc., on July 25, 1939, and that it is provided by 59-2602 the rules of procedure prescribed by the new code and effective July 1, 1939, govern all proceedings after that date 'except to the extent that in the opinion of the court their application in a particular proceeding when they take effect would not be feasible,' etc. There is no provision the probate court must make a specific finding the exception should apply. But it is evident from the recitals in the letters issued the probate court must have so concluded, for it recited therein 'that upon the petition of Benny Maynard and due hearing thereon in the manner provided by law' letters should issue to George Barrett. Under the circumstances disclosed, we cannot say the probate court was without jurisdiction to entertain the petition of Benny Maynard, nor that, because no notice was given to the legatees or heirs of Kisarah Maynard, the order of appointment was void." (p. 424.)

It thus appears that in the McMannis case the proceedings were conducted under the procedure prescribed by the old code rather than under the new code, as in the instant case. In the opinion, attention was called to the fact (p. 423) that under the new code filing of a petition is necessary (G. S. 1945 Supp. 59-2201), and that it must be set for hearing (59-2204). The comment was then made (p. 423) that "it seems implicit from the entire code that notice should be given, *unless the court shall make an order to the contrary.*" (Italics supplied.) The words shown in italics were taken from section 59-2222, G. S. 1945 Supp., the pertinent portion of which reads:

"When a petition for the probate of a will or for administration is filed, the court shall fix the time and place for the hearing thereof, notice of which shall be given pursuant to section 185 [59-2209] unless the court shall make an order to the contrary. If notice is by order of the court not required to be given pursuant to section 185 [59-2209], the court shall order notice thereof to be given, such notice, unless waived, shall be given in such manner as the court shall direct."

Analysis of that section clearly discloses that it was not the intent to permit the court to dispense entirely with hearing upon notice but merely to permit the court to direct the giving of notice in a different manner than that provided for in section 59-2209.

In addition to their interest in administration of assets, the heirs also have a statutory right in the matter of the appointment of the administrator. Section 59-705, G. S. 1945 Supp., provides:

"Administration of the estate of a person dying intestate shall be granted to one or more of the persons hereinafter mentioned, suitable and competent to discharge the trust, and in the following order: (1) The surviving spouse or next of kin, or both, as the court may determine, or some person or persons selected by them or any of them."

Unless, therefore, all interested parties enter appearance in writing as provided in section 59-2223, G. S. 1945 Supp., and waive the notice otherwise required, hearing with notice is necessary upon petition for administration. Any contrary construction of any language used in *Barrett v. McMannis*, supra, is disapproved. Where assets of an estate to be administered are involved, it would violate the very spirit of the probate code to permit action without notice to those having an interest under the law in the disposition of such assets. The fact that the amount of the assets here involved is not great is of no consequence in determining the fundamental issue.

We need not consider here the question of whether petitions, with hearing after notice, are required for appointment of a "special administrator" provided for in section 59-710, G. S. 1945 Supp., which provides for appointment of a special administrator "to perform duties respecting specific property, or to perform particular acts," either "pending the appointment of an executor or administrator, or after the appointment of an executor or administrator without removing the executor or administrator." Clearly the section was not intended to provide for an administrator to administer assets generally. It must be construed in connection with section 59-708, *supra*, for appointment of an administrator *de bonis non*. It was not applicable to the instant situation.

No notice having been given, the order of April 26, 1945, was void. In the recent case of *In re Estate of Schroeder*, 158 Kan. 783, 150 P. 2d 173, it was said:

"It is not clear, however, that these sections confer power on a probate court to have a hearing without notice of a matter wherein the result of the hearing would be to deprive an interested party of a valuable right. To so hold would be to confer power on the probate court which is not conferred on any other

tribunal that we know of. Certainly the framers of the probate code had no such intention. See 12 Kansas Judicial Council Bulletin, 102 (July, 1938); also 2 Bartlett's Kansas Probate Law and Practice, 1015. There are many authorities holding that a judgment entered without notice is void. See *Schott v. Linscott,* 80 Kan 536, 103 Pac. 997; also *Union Central Life Ins. Co. v. Irrigation L. & T. Co.,* 146 Kan. 550, 73 P. 2d 72." (p. 785.)

Appellants contend that since appellee's petition to vacate was not filed until several months after the order of April 26, 1945, was entered, the order was not then subject to attack. They call attention to section 59-2213, G. S. 1945 Supp., which reads:

" . . . The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by section 605 [G. S. 1935, § 60-3016] of the code of civil procedure."

But under the code of civil procedure, void judgments may be vacated at any time (G. S. 1935, 60-3009).

Nothing herein said is to be construed to imply that Click, having tendered the balance due under the contract, was not entitled to delivery of the deed, or that his actions indicated any bad faith in the matter.

We find no error and the judgment is affirmed.