No. 45,289

James E. McAdam, *Appellee*, v. Fireman's Fund Insurance Company, a California Corporation, Tom Cunningham, Thad Hanna, Don Lee Hopkins, Verna Hopkins, Mitchell Faroh, Ruth Faroh, William Lundy and Don Lee Company, Inc., and Howard L. Parker Company, Inc., *Appellants*.

(452 P. 2d 851)

Opinion filed April 12, 1969.

*Gerald D. Lasswell,* of Wichita, argued the cause, and *Dale B. Stinson, John W. Jordan* and *Carl N. Kelly,* of Wichita, were with him on the brief for appellant Tom Cunningham.

*Donald A. Bell,* of Wichita, argued the cause, and *Lawrence Weigand, Lawrence Curfman, Byron Brainerd, Charles W. Harris, Orval J. Kaufman, J. L. Weigand, Jr., Spencer L. Depew, Paul M. Buchanan, John R. Stallings, Brian G. Grace* and *Windell G. Snow,* of Wichita, were with him on the brief for appellant Fireman's Fund Insurance Company, Inc.

*Carl L. Buck,* of Wichita, argued the cause, and *Ralph E. Gilchrist,*

*Stephen K. Lester, Brian J. Moline, Warner Moore, Patrick J. Warnick, Alan B. Phares* and *Robert E. Burchfiel,* of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This action was commenced by James E. McAdam on October 1, 1964, against Thad Hanna, Don Lee Hopkins, Verna Hopkins, Mitchell Faroh, Ruth Faroh, William Lundy, Don Lee Company, Inc., Howard L. Parker Company, Inc., Tom Cunningham and his surety as guardian, the Fireman's Fund Insurance Company, Inc., to recover losses suffered in his estate due to the willful mismanagement and trafficking in his estate by his guardian and his guardian's attorney and for equitable relief against all the defendants. Tom Cunningham and the Fireman's Fund Insurance Company, Inc., are the sole appellants and they have appealed from the district court's findings of fact, conclusions of law, and judgment entered against them.

The district court's findings of fact are extensively set out in the record, but to detail them in this opinion would serve no useful purpose. It is sufficient to say that on August 2, 1963, Tom Cunningham, who had been a member of the Bar of this state for over thirteen years, was appointed guardian of the person and estate of James E. McAdam, an incompetent minor, by the probate court of Sedgwick County, Kansas. On that same date, Thad Hanna was appointed by the probate court to act as attorney for the guardian. On October 1, 1964, the incompetent minor attained his majority and was ordered restored by the probate court. From August 2, 1963, until October 1, 1964, when the guardian was relieved of his duties, several alleged acts of misconduct occurred which are the subject of this action.

The district court found, among other things, that the guardian made investments in five separate first mortgages, four of which were not recorded, from the ward's estate, in the total sum of $32,000, a sum greater than the worth of the properties, without filing a petition in the probate court and without authority of the court to invest the money, resulting in a loss to the estate of $16,000.

The court further found that the guardian had in his possession and management certain real property located in Sedgwick County of the value of $22,500 which he traded for a farm located in Elk County, Kansas, of the value of $14,500, resulting in a loss to the

estate of $8,000. The court found that out of the $22,500, Don Lee Hopkins received $700 for his services in connection with the sale of the property, and that Hanna and Cunningham received $7,300 which they divided equally, and that both Hanna and Cunningham knew at that time the $7,300 came directly from the sale of the property. It further found that in all the transactions involved, Hopkins, Hanna and Cunningham committed acts of fraud which resulted in losses to the estate.

It is noted in passing that as a result of those transactions, Hanna relinquished his license to practice law in the state of Kansas. (*In re Hanna*, 198 Kan. 458.)

The court entered judgment against the defendants Hanna, Hopkins, Don Lee Company, Inc., a realty company owned by Hopkins, Cunningham, and the Fireman's Fund Insurance Company in the sum of $24,000, and found that the named defendants were primarily liable and the surety company secondarily liable for the payment thereof.

The appellants first contend that the finding of fraud on the part of Tom Cunningham is not supported by the evidence. In considering the contention, we note the rule that where, as here, the evidence is heard orally by the district court, its findings thereon have the force and effect of a jury's verdict and if supported by substantial evidence, they will not be disturbed on appellate review.

In approaching this important question involving a member of the Bar of this state, it should be stated that it would be of no benefit to the Bench and Bar to spread upon our reports the facts as disclosed by the evidence. It is sufficient to say that we have carefully read the entire record consisting of approximately 200 pages of printed matter, including the various exhibits set forth therein and the testimony of the individual defendants, and considering all the circumstances, we are compelled to conclude it discloses ample and substantial evidence to support the district court's findings and conclusions.

The appellants next contend the district court erred in finding Tom Cunningham committed acts of fraud since fraud was not pleaded nor contained as an issue in the pretrial order. Reference is made to *Agee v. Kansas Highway Commission*, 198 Kan. 173, 422 P. 2d 949, where it was said, "[a] court cannot go beyond the issues of fact tendered in an action and make a finding on matters which exceed those issues." (p. 179.) Reference is also made to

language in *In re Estate of Grove,* 158 Kan. 444, 148 P. 2d 497, to the same effect.

The petition as amended set forth with particularity the facts and allegations of each transaction, Cunningham's acts of malfeasance and misfeasance as guardian; disregard of the statutory probate procedure, his trafficking in the estate of his ward, his receiving from his attorney part of the alleged "finder's fee" for mortgage funds out of the estate's money, and other acts set forth in the record, and further alleged that, "because of the negligence or willful acts of said guardian and his attorney," the estate suffered loss. The petition did not affirmatively allege in so many words that the guardian and his attorney committed acts of fraud.

The issues of fact to be determined by the district court were contained in the pretrial order which reads in part:

"2. The remaining issues of fact to be determined are as follows:

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"B. The facts and circumstances surrounding the five investments set out in plaintiff's second amended petition . . . *including the duties and involvement of all the parties therein.*

"C. The facts and circumstances of the trade or transfer of (Sedgwick County property for the Elk County farm) . . . as set out in plaintiff's second amended petition . . . *including the duties and involvement of all the parties therein.*

"D. The extent to which acts of guardian . . . and/or the attorney, Thad Hanna, have been previously approved by the Probate Court . . .

"E. *The exact nature of the involvement of the defendants and each of them in the transactions complained of by the plaintiff."* (Emphasis supplied.)

The issues of law to be decided by the district court were set forth in the pretrial order which reads in part:

"3. The remaining questions of law to be decided are as follows:

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"C. Has the defendant, Tom Cunningham, *failed to faithfully perform and discharge all of the duties of his trust according to law.*

"D. *If the answer to the above is in the affirmative, in what specific respects has the defendant Cunningham so failed* and what loss, if any, has the plaintiff sustained by reason of such failure on the part of the defendant, Tom Cunningham." (Emphasis supplied.)

It is the rule in this jurisdiction that the district court must try the case on the issues framed by the pleadings as defined in the pretrial order. Once the issues are defined and the court proceeds to render final judgment, the parties are bound thereby. The district court has jurisdiction to decide only such issues as are raised by the pleadings

or defined in the pretrial order, *with the limited exception of new issues raised by evidence to which there is no objection.* (*Bowen, Administrator v. Lewis*, 198 Kan. 605, 426 P. 2d 238; *Green v. Kensinger*, 193 Kan. 33, 392 P. 2d 122.)

We are of the opinion that the facts and issues decided by the district court were properly within the issues of the pleadings, the pretrial order, and the evidence. The record indicates the parties tried the action on the theory the district court was sitting both as a court of law and as a court of equity and on the theory the case should settle all issues between the parties so as to avoid further litigation. At issue was the exact nature of the involvement of Cunningham in the transactions complained of by the plaintiff, which included real estate transactions and mortgages, and whether those transactions and mortgages were legal or void. No rights of innocent purchasers were involved. No objections were made to a great deal of the evidence introduced during the course of the trial which tended to establish fraudulent conduct on the part of Cunningham. Since such evidence was admitted without objection, and since Cunningham had the opportunity to answer and cross-examine the witnesses, no error can be predicated thereon.

It is next contended the district court erred in entering judgment against Tom Cummingham and his surety, because a guardian is not personally liable for losses to the estate incurred without his fault. It is argued that since Hanna handled all of the transactions concerning the property of the estate and Cunningham relied upon him for advice and counsel and followed his advice, Cunningham was not the perpetrator of nor a party to the fraud of Hanna and Hopkins. It is further argued that the only error Cunningham made as guardian of the estate was relying upon the advice and guidance of Hanna who was appointed by the probate court to represent him. The appellants assert that under such circumstances, Cunningham should only be held to the standard imposed upon an ordinary layman acting in a like capacity, since he had the independent advice of counsel.

A guardian is responsible for the faithful performance of the duties of his office, and must give his personal attention to the management of his ward's estate. He must be faithful, vigilant, and competent in such management, and, although he is not an insurer, is liable for losses resulting from an overt act of mismangement, or from failure to exercise the diligence and prudence ordinarily em-

ployed by reasonable men. (39 C. J. S., Guardian and Ward, § 76, p. 117.) The duties of fiduciaries are discussed at length in 2 Bartlett's Kansas Probate Law and Practice (Rev. Ed.), §§ 967-971, pp. 478-485, and many of our decisions are cited in support of the rules of law stated. Further reference to the law on the point is unnecessary and the reader is referred to the text and the decisions cited.

The trouble with the appellants' argument is that the district court found Cunningham not only knew that the property of his ward was being dissipated, but actually participated therein. As guardian, he afforded the only protection of the ward against the unfaithfulness of anyone having control of his property. The record indicates he failed to enforce his ward's rights and did not exercise the care of an ordinary prudent man to preserve the estate of his ward from plunder. The mere fact that a fiduciary relies upon the advice of counsel cannot be regarded as an adequate excuse where his conduct is nevertheless careless and imprudent. (2 Bartlett's Kansas Probate Law and Practice [Rev. Ed.], § 970, p. 484.) As indicated, the district court's findings were that Cunningham's conduct was improper to a greater degree than mere carelessness and imprudence. In short, Cunningham did not "faithfully and impartially and to the best of his ability discharge all the duties of his trust according to law" (K. S. A. 59-1702), and he and his surety are liable for the loss occasioned by such failure.

Other than as recited above, it is unnecessary to discuss or state in greater detail the evidence or findings. The record has been fully and diligently studied and we conclude that the evidence sustains the findings, and the judgment is in all respects affirmed.

It is so ordered.